[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
One thing, and one alone is not contested in this case: On March 15, 1994 the front of the 1989 Nissan Sentra operated by the defendant Leon A. Morris and owned by the defendant, Winston W. Morris made contact with the rear of the 1980 Chevrolet Citation operated by the plaintiff. The nature of the contact and the personal injuries, if any, sustained by the plaintiff are hotly contested.
The plaintiff described the contact as an enormous thud, a very, very hard impact. Defendant operator called it a bump. He testified that his vehicle was stopped behind the plaintiff's, that he removed his foot from the brake pedal as both cars began to move forward, and that his car contacted plaintiff's vehicle which stopped suddenly, in front of him.
The photographs introduced as evidence show no damage to either vehicle from this impact, but there was some compression of the right, rear energy absorption isolator on the Chevrolet Citation. The police accident report indicates that there was no apparent damage to the rear bumper of the Citation and no apparent damage to the front bumper of the Sentra.
Irving Ojalvo, a consulting engineer called as a witness by the plaintiff testified that in his opinion the probable impact speed of the Sentra was ten miles per hour and the force of the impact was sufficient to cause physical injury to the plaintiff. CT Page 6999 Gary Phillips, senior staff analyst at Northeast Collision Analysis, Inc. testified for the defendant that in his opinion the Sentra was moving at one mile per hour or less at impact and this contact caused no potential for injury to the plaintiff.
In addition to the disputed scenario regarding the impact, plaintiff's case is clouded by his medical history. In this case he claims injuries to his neck, back and knee, but these areas have been injured on other occasions, sometimes resulting in permanency ratings from the treating physician. He was similarly injured in the neck and back areas in an automobile collision the year prior to the episode in question and in subsequent automobile collisions in September and December of 1995. He also injured his knees in a work related struggle prior to March of 1994.
For each of these injuries and also the ones claimed in the instant episode plaintiff treated with Murray I. Wellner, M.D. and at various times was referred by him to greater Hartford Physical Therapy for further treatment.
The plaintiff continues to play basketball, but he claims that the quality of his play has diminished since the March 15, 1994 incident. He now can bench press 200 pounds where he could sometimes accomplish 400 pounds before March of 1994.
The court finds that in considering the totality of the evidence it inclines in favor of the defendants. In light of other credible evidence, including objective physical evidence, the court does not rely on the testimony of the plaintiff, the expert Ojalvo or the medical reports of Dr. Wellner.
The plaintiff has failed to sustain his burden of proving that he has suffered any injury as a proximate consequence of the contact between the two vehicles on March 15, 1994.
Accordingly judgment enters for the defendants.
John J. Langenbach, J.